Douglas W. Robinson (SBN: 255909)
dwrobinson@shb.com
Eva M. Weiler (SBN: 233942)
eweiler@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, California 92614-2546
Telephone: 949.475.1500
Facsimile: 949.475.0016

Attorneys for Defendant
BounceBack, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| NATIONAL CORRECTIVE GROUP, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> BOUNCEBACK, INC. a Missouri Corporation; and DOES 1-25, inclusive, <br><br> Defendants. | Case No.: SACV10-94 AG (MLGx) <br><br> Judge: Hon. Andrew Guilford <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> **[Filed Concurrently With Stipulation for Protective Order]** <br><br> Complaint Filed: December 21, 2009 <br><br> Discovery Cutoff: January 7, 2011 <br><br> Trial: April 19, 2011 |

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation

may be warranted. Accordingly, the parties have stipulated to and petitioned the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 11, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.

## 2. DEFINITIONS

**2.1** <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

**2.2** <u>"CONFIDENTIAL" Information or Items</u>: Information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and/or information:

    **a.** That constitutes a "trade secret" in accordance with the Uniform Trade Secrets Act, including a formula, pattern, compilation, program, device, method, technique, or process that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

    **b.** That reflects non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing party; or

    **c.** That is subject to federal or state privacy rights, including private consumer information.

**2.3** <u>Counsel of Record</u>: Attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**2.4** <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

**2.5** <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.6** <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

**2.7** <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**2.8** <u>House Counsel</u>: Attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.9** <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

PROTECTIVE ORDER

75034 v4

**2.10** Party: Any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

**2.11** Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

**2.12** Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.13** Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**2.14** Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 3.  SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any

75034 v4

PROTECTIVE ORDER

information known to the Receiving Party prior to the disclosure. Any use of Protected Material at trial shall be governed by a separate agreement or Court order.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED MATERIAL

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify for protection.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for

1  the level of protection initially asserted, that Designating Party must promptly notify
2  all other parties that it is withdrawing the mistaken designation.
3      **5.2    Manner and Timing of Designations**: Except as otherwise provided in
4  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
5  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
6  under this Order must be clearly so designated before the material is disclosed or
7  produced.
8           Designation in conformity with this Order requires:
9      **a.**    <u>For information in documentary form</u>, that the Producing Party
10 affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
11 ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a
12 portion or portions of the material on a page qualifies for protection, the Producing
13 Party also must clearly identify the protected portion(s) (e.g., by making appropriate
14 markings in the margins) and must specify, for each portion, the level of protection
15 being asserted.
16           A Party or Non-Party that makes original documents or materials
17 available for inspection need not designate them for protection until after the
18 inspecting Party has indicated which material it would like copied and produced.
19 During the inspection and before the designation, all of the material made available
20 for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
21 ONLY." After the inspecting Party has identified the documents it wants copied and
22 produced, the Producing Party must determine which documents, or portions thereof,
23 qualify for protection under this Order. Then, before producing the specified
24 documents, the Producing Party must affix the appropriate legend
25 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
26 ONLY") to each page that contains Protected Material. If only a portion or portions
27 of the material on a page qualifies for protection, the Producing Party also must
28

clearly identify the protected portion(s) and must specify, for each portion, the level of protection being asserted.

    **b.** <u>For testimony given in deposition</u>, that the Designating Party identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    Parties shall give the other parties notice if they reasonably expect a deposition to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being

7

asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

**5.3** <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. **REDACTION**

Any Producing Party may redact from the documents and things it produced, matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, any other privilege or immunity, or any information the Producing Party believes in good faith to be subject to a foreign or domestic data protection law. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED" as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document.

# 7. CHALLENGING REDACTIONS, CONFIDENTIALITY DESIGNATIONS, AND HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY DESIGNATIONS

**7.1** <u>Timing of Challenges:</u> Any Party may challenge a redaction, a designation of confidentiality or a designation of highly confidential-attorneys' eyes only ("attorneys' eyes only designation") (collectively "designation of protection") at any time. Unless a prompt challenge to a Designating Party's protection designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a protection designation by electing not to mount a challenge promptly after the original designation or redaction is disclosed.

**7.2** <u>Meet and Confer:</u> The Challenging Party shall initiate the challenge process by following the discovery dispute procedures set out in Local Rule 37. Within the initial written notice required by Local Rule 37-1 requesting a meet and confer conference with the Designating Party, the Challenging Party shall set forth each designation of protection it is challenging and describe the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must also recite that the challenge to confidentiality, high confidentiality, or redaction is being made according to this specific paragraph of the Protective Order. This initial notice and request to meet and confer are subject to the same limitations as the documents bearing the designation, to the extent they reference specific information and/or language taken from such designated documents. In conferring, the Challenging Party must explain the basis for its belief that the protection designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in

75034 v4

PROTECTIVE ORDER

this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3 Judicial Intervention: If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall initiate the procedures for joint stipulation pursuant to Local Rule 37-2. As with the meet and confer request and initial challenge notice, any specific references to designated materials and documents and/or the information contained therein must be protected from disclosure per the agreement set out above, and the type of designation, unless and until the Court decides the challenged issue differently. Such protection from disclosure may require submitting pleadings and documents to the Court pursuant to its rules and procedures governing submissions under seal.

8. ACCESS TO AND USE OF PROTECTED MATERIAL

8.1 Basic Principles: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2 Disclosure of "CONFIDENTIAL" Information or Items: Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "CONFIDENTIAL" may be disclosed only to:

   a. The Receiving Party's Counsel of Record in this action, as well as employees of Counsel of Record to whom it is reasonably necessary to disclose the

10

75034 v4

information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

  **b.** The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  **c.** Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  **d.** The Court and its personnel;

  **e.** Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

  **f.** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  **8.3** <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

  **a.** The Receiving Party's Counsel of Record in this action, as well as employees of Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

  **b.** Designated House Counsel of the Receiving Party or an Expert (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

  **c.** Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed;

  **d.** Court reporters and their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

  **8.4** <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or an Expert</u>:

  **a.** Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel or an Expert any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must first make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel or Expert and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if Designated House Counsel is involved, or may become involved, in any competitive decision-making, or (3) in the case of an Expert, attaches a copy of the Expert's current resume, including

75034 v4

PROTECTIVE ORDER

present employment, identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years;.

      **b.**    A Party that makes a request and provides the information specified in the preceding paragraphs may disclose the subject Protected Material to the identified Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

      **c.**    A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to Designated House Counsel or the Expert may file a motion seeking permission from the Court. Any such motion must describe the circumstances, set forth the reasons why the disclosure to Designated House Counsel or the Expert is reasonably necessary, assess the risk of harm the disclosure would entail, and suggest any means that could be used to reduce the risk. In addition, any such motion must be accompanied by a competent meet and confer declaration describing the parties' efforts to resolve the matter by agreement.

      In any such proceeding, the Party opposing disclosure to Designated House Counsel or the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

75034 v4

PROTECTIVE ORDER

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

    **a.** Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    **b.** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    **c.** Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

75034 v4

PROTECTIVE ORDER

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

    **a.**    Notify in writing the Designating Party of the unauthorized disclosures;

    **b.**    Use its best efforts to retrieve all unauthorized copies of the Protected Material;

    **c.**    Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

    **d.**    Request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## 12. MISCELLANEOUS

**12.1** <u>Right to Further Relief</u>: Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2** <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

PROTECTIVE ORDER

75034 v4

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

     **12.3** <u>Filing Protected Material</u>: Without written permission from the Designating Party or a Court order, a Party may not file in the public record any Protected Material in this action. A Party that seeks to file under seal any Protected Material must comply with the Local Rules, in particular, Local Rule 79-5.1. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

## 13. **FINAL DISPOSITION**

     Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

     IT IS SO ORDERED.

Dated: October 4, 2010

                                         **MARC L. GOLDMAN**

                                         _____
                                       **MARC L. GOLDMAN**
                                       **UNITED STATES MAGISTRATE JUDGE**

75034 v4                                                                                                                                    PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, ___ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2010 in the case of *National Corrective Group, Inc. v. BounceBack, Inc.*, Case No. SACV10-94 AG (MLGx).

 I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

 I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

 I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____